Saini v. Holder

BIA
A071 498 882

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of November, two thousand eleven.

PRESENT:
>JON O. NEWMAN,
>ROBERT A. KATZMANN,
>DENNY CHIN,
>>*Circuit Judges.*

_____

MOHINDER SAINI,
>*Petitioner*,

>v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent*.

10-469-ag
NAC

_____

FOR PETITIONER:     Mohinder Saini, *pro se*, Norwalk, CT.

FOR RESPONDENT:     Tony West, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Jessica Segall, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohinder Saini, a native and citizen of India, seeks review of a January 13, 2010, decision of the BIA denying his motion to reopen. *In re Saini,* No. A071 498 882 (B.I.A. Jan. 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is undisputed that Saini's motion to reopen was untimely and number-barred because it was his third such motion and it was filed nearly six years after the agency issued its final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R.§ 1003.2(c)(2). The time and number limitations, however, do not apply to a motion to

2

reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."
8 C.F.R. § 1003.2(c)(3)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii). Saini argues that the BIA abused its discretion by finding that he did not establish changed country conditions.

Saini's arguments are unavailing. Saini's previous testimony regarding his persecution as a Akali Dal Mann member was found not credible. The BIA reasonably declined to credit Saini's account of the purported police raids of his family's home. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam) (petitioner's evidence was not material because it did not rebut a prior adverse credibility determination). Similarly, the BIA did not abuse its discretion in declining to credit the purported affidavits from the village leader and Saini's brother and Saini's father's death certificate because these documents were not authenticated. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007) (BIA did not abuse its discretion in declining to credit unauthenticated documents

3

submitted with a motion to reopen where the alien had been found not credible in the underlying proceedings); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Moreover, substantial evidence supports the BIA's determination that Saini failed to establish that conditions in India had materially changed. Saini's background evidence does not mention the Akali Dal Mann; therefore, the BIA reasonably found that Saini did not establish any material change for Sikhs involved with that group. Further, while Saini presented evidence of Sikh mistreatment, the record indicates such violence occurring prior to the IJ decision in 2002, and does not demonstrate an increase in violence thereafter. Thus, the BIA did not abuse its discretion in finding that Saini failed to establish a material change in conditions in India. *See Siewe*, 480 F.3d at 167 ("Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." (quoting *Andersen v. Bessemer City*, 470

U.S. 564, 574 (1985))). Accordingly, the BIA did not abuse its discretion in denying Saini's third motion to reopen.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk